UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY DUGAN,

               Plaintiff,

-against-

UNION MUTUAL FIRE INSURANCE COMPANY,

               Defendant.

**ORDER**

23-CV-02928 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Union Mutual Fire Insurance Company ("Defendant") filed a Notice of Removal on April 7, 2023, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"; Docs. 1-2, "Compl."). Defendant alleges that this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because: (1) complete diversity exists between the parties; and (2) "the amount in controversy exclusive of interests and costs, exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00)." (Not. of Removal ¶¶ 9, 11).

    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendant need not "prove the amount in controversy to an absolute certainty," it

has "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

The Complaint alleges that Defendant refused to defend and indemnify Plaintiff in a personal injury action commenced by Karen Weeks in the Supreme Court of the State of New York, County of Westchester, in violation of the insurance policy issued by Defendant to Plaintiff. (Compl. ¶¶ 15, 19). The amount in controversy in an action seeking declaratory or injunctive relief is measured by the value of the object of the litigation. *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-07294, 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) (citing *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)). "Moreover, when seeking declaratory judgment to determine the applicability of an insurance policy, the jurisdictional amount in controversy is measured by the value of the underlying claim." *Id.* (cleaned up).

Plaintiff does not specify in his Complaint the value of the defense and indemnification for which Plaintiff asserts Defendant is liable. Weeks, the plaintiff in the underlying action, also

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

does not specify an amount of damages related to her alleged injuries in her pleading. (*See* Index No. 61059/2022, NYSCEF Doc. 1). A complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Weeks, therefore did not specify an amount of damages related to her personal injuries in the underlying action.

If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2). Defendant, with respect to the amount in controversy, alleges only that "the amount in controversy exclusive of interests and costs, exceeds Seventy Five Thousand and 00/100 Dollars ($75,000.00)." (Not. of Removal ¶ 9). Defendant fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. A defendant's allegation in the absence of any written indication that the amount in controversy exceeds $75,000 is insufficient for the Court to meet the jurisdictional threshold of 28 U.S.C. § 1332(a). *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "[d]efendant's Notice of Removal [merely] states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana*, 2013 WL 2367792, at *2 ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in

3

controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

"[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). Defendant has not furnished any written indication of the amount in controversy or the value of the instant declaratory judgment action, nor has it furnished any evidence to demonstrate the value of Week's underlying claim. (*See generally*, Not. of Removal). This Court, although not required to do so, has also undertaken to review the electronic docket in the removed state court proceeding as well as the underlying state court proceeding. Those dockets are devoid of any written indication of the amount in controversy. (*See* Index No. 56982/2023, NYSCEF Docs. 1-4; Index No. 61059/2022, NYSCEF Docs. 1-5).

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

5

Dated: White Plains, New York
       April 10, 2023

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge